WADE O. CONRAD, EMPLOYEE, v. COOK-LEWIS FOUNDRY COMPANY, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 21 May, 1930.)

1. **Master and Servant F b—Injuries from accident in course of, and arising out of employment are compensable under Workmen's Compensation Act.**

   The Workmen's Compensation Act takes into consideration certain elements of a mutual concession between the employer and employee by which the question of negligence is eliminated, and liability under the act rests upon the employer upon the condition precedent of an injury by accident occurring in the course of employment and arising out of it.

2. **Same—Definition of "accident" within meaning of Workmen's Compensation Act.**

   The word "accident" within the meaning of the Workmen's Compensation Act is defined to be an unlooked for or untoward event which is not expected or designed by the person who suffers the injury, and the mere fact that the injury is the result of a wilful and criminal assault of a fellow-servant does not of itself prevent the injury from being accidental.

3. **Same—Definition of words "out of and in the course of the employment" as used in the Workmen's Compensation Act.**

   In construing the Workmen's Compensation Act the words "out of and in the course of the employment," used in connection with injuries compensable thereunder, is not to be determined by the rules controlling in negligent default cases at common law, but an accidental injury is compensable thereunder if there is a causal relation between the employment and injury, if the injury is one which, after the event, may be seen to have had its origin in the employment, and it need not be shown that it is one which ought to have been foreseen or expected.

4. **Same—Injury inflicted by fellow-servant after altercation arising out of and in the course of employment is compensable.**

   Where in a proceeding under the Workmen's Compensation Act the evidence tends to show that the employee was a moulder in the employer's foundry, and that he struck his negro assistant with a shovel after the assistant had spoken words to him he deemed insulting, whereupon the assistant left the employment and returned and shot the claimant while he was doing his work, causing permanent injury, is sufficient within the intent and meaning of the terms "injury by accident arising out of and in the course of the employment."

5. **Appeal and Error E a—Where record is silent as to material fact at issue, cause will be remanded for definite determination thereof.**

   Where in proceedings under the Workmen's Compensation Act there is no finding or adjudication in reference to the contention of the employer that the claimant's injury was occasioned by his wilful intention to injure his assailant, a fellow-servant, the cause will be remanded for a definite determination of the question.

APPEAL by American Mutual Liability Insurance Company, carrier, from *Lyon, Emergency Judge,* at November Civil Term, 1929, of GUILFORD. Remanded.

This is a proceeding brought by the plaintiff under the Workmen's Compensation Act to recover compensation for permanent disability alleged to have been caused by the infliction of personal injury.

The proceeding was commenced on 28 August, 1929. On 10 September, 1929, the parties appeared before Matt H. Allen, Commissioner, and on 28 September he made an award. His findings of fact are as follows:

1. That on 20 July, 1929, at about 9 o'clock a.m., the plaintiff was injured as the result of an accident which arose out of and in the course of his employment.

2. That as a result of his injury the plaintiff has been totally disabled within the meaning of the North Carolina Workmen's Compensation Act, is now so disabled and that total disability will in all probability continue for some time.

3. That the injury sustained by the plaintiff is of such a nature that total disability may be followed by a more or less extended period of partial disability. Dr. J. L. Sowers, who attended the plaintiff, having testified that the plaintiff had a large gun-shot wound in his right side, the wound being about two inches deep and about one inch in diameter, and that about two-thirds of the plaintiff's lung is compressed and not in use, and that the plaintiff will never be able to use all of his lung.

4. That the plaintiff and the defendants are bound by the provisions of the North Carolina Workmen's Compensation Act.

Upon the facts he made this award:

1. That the accident which resulted in injury to the plaintiff arose in the course of his employment, as the plaintiff was engaged in the performance of the duties required by his employment at the time of the accident.

2. That there was a causal connection between the accident and the employment of the plaintiff in that the plaintiff, as an incident to his employment, had a right to require that his assailant, a colored fellow-workman, treat him with proper respect.

3. That there having been a causal connection between the accident and the employment, the accident arose out of the employment.

4. That the accident arose out of and in the course of the employment, and the parties, plaintiff and defendant, having been subject to the provisions of the North Carolina Workmen's Compensation Act, the plaintiff is entitled to compensation for his injury.

It is, therefore, ordered that an award be made against the defendants, and each of them, to pay to the plaintiff compensation for total dis-

ability beginning from 19 July, 1929, and continuing during total disability for a period not to exceed four hundred weeks, at the rate of $18 per week, payable weekly, and that the defendants pay for medical and surgical services and hospital bills. That this cause be retained for further hearing to determine the extent of permanent partial disability, if any.

His award was thereafter reviewed by the full commission and affirmed. The carrier appealed to the Superior Court and Judge Lyon modified the award by limiting the compensation to $6,000, and affirmed it in all other respects. He gave judgment accordingly and the carrier appealed to the Supreme Court upon error assigned.

*King, Sapp & King for appellant.*
*Walser & Walser for appellee.*

ADAMS, J. The claimant and a colored man named Dolly Squires were employees of the Cook-Lewis Foundry Company—the plaintiff a moulder and Squires a helper. They engaged in a conversation pertaining to their work, and Squires addressed to the claimant language deemed by the latter to be insulting. The claimant then struck Squires with a shovel. Squires left the shop, went to the employer's office, and received his wages. About half an hour later he went back to the shop, put the barrel of a shotgun through a hole in the wall, and shot the plaintiff in the back, thereby inflicting serious and permanent injury.

The Workmen's Compensation Law prescribes conditions under which an employee may receive compensation for personal injury. Section 2(f) declares that "injury and personal injury shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except when it results naturally and unavoidably from accident." The condition antecedent to compensation is the occurrence of an (1) injury by accident (2) arising out of and (3) in the course of the employment.

Was the injury suffered by the claimant an injury by accident? In construing the word "accident" as used in the Compensation Act we must remember that we are not administering the law of negligence. Under that law an employee can recover damages only when the injury is attributable to the employer's want of due care; but the act under consideration contains elements of a mutual concession between the employer and the employee by which the question of negligence is eliminated. "Both had suffered under the old system, the employer by heavy judgments, . . . the employee through old defenses or exhaustion in wasteful litigation. Both wanted peace. The master in exchange for limited liability was willing to pay on some claims in the future where

in the past there had been no liability at all. The servant was willing not only to give up trial by jury, but to accept far less than he had often won in court, provided he was sure to get the small sum without having to fight for it." *Stertz v. Industrial Ins. Commission,* 91 Wash., 588, 158 Pac., 256.

The result was that the Compensation Law discarded the theory of fault as the basis of liability and conferred an absolute right of compensation on every employee who is injured by an "accident arising out of and in the course of the employment." *Smith v. Light Co., ante,* 614. The word "accident," as used here, has been defined as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury. Annotation—Workmen's Compensation, L. R. A., 1916A, 227; *Furst Kerber Cut Stone Co. v. Mays,* 144 N. E. (Ind.), 857. In *Garrett v. Gadsden Cooperage Co.,* 96 So. (Ala.), 188, it is said that the courts, looking at the matter from the workman's viewpoint and construing the legislative intent as being, on economic grounds, to provide compensation for employees against personal injury not expected or designed by them, have adopted a meaning deemed necessary to give effect to the broad legislative purpose. Accordingly, while the decisions are not uniform, it is generally held that the mere fact that an injury is the result of the wilful or criminal assault of a third person does not prevent the injury from being accidental. *Re McNicol,* L. R. A., 1916A, 306 and note; *Strasmas v. Rock Island Coal Min. Co.,* 15 A. L. R., 576; *Pinkerton Nat. Detective Agency v. Walker,* 35 A. L. R., 557; *Anderson v. Security Bldg. Co.,* 40 A. L. R., 1119.

It follows from what precedes that the meaning of the phrase "out of and in the course of the employment" is not to be determined by the rules which control in cases of negligent default at common law; for one of the purposes of the recent act is to increase the right of employees to be compensated for injuries growing out of their employment. *Sundine's Case,* 218 Mass., 1, L. R. A., 1916A, 318. The words "out of" refer to the origin or cause of the accident and the words "in the course of" to the time, place, and circumstances under which it occurred. *Raynor v. Sligh Furniture Co.,* 146 N. W., 665; *Hills v. Blair,* 148 N. W., 243. There must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected. *Baum v. Industrial Commission,* 288 Ill., 516, 6 A. L. R., 1242. The decisions of various courts contain practical illustrations of the principle. For example, a claimant was foreman in a shoe factory; an employee who had been repairing machines approached the claimant in a dark room, placed his arms about the claimant's neck and drew his head

against a lead pencil which injured the claimant's eye. *Markell v. Daniel Green Felt Shoe Co.*, 221 N. Y., 493, 116 N. E., 1060. Likewise an employee while engaged in his work was struck in the eye by a missile thrown by a fellow-servant. *Leonbruno v. Champlain Silk Mills*, 229 N. Y., 470, 13 A. L. R., 522. Again, a workman was injured in a quarrel with another over interference with his work. *Pekin Cooperage Co. v. Industrial Commission*, 285 Ill., 31, 120 N. E., 530. In these cases the injury was held to be by accident arising "out of" the employment. *Socha v. Cudahy Packing Co.*, 13 A. L. R. (Neb.), 513.

An accident arising "in the course of" the employment is one which occurs while "the employee is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time to do that thing"; or one which "occurs in the course of the employment and as the result of a risk involved in the employment, or incident to it, or to conditions under which it is required to be performed." *Bryant v. Fissell*, 84 N. J. L., 72, Anno Cas., 1918B, 764; *Marchiatello v. Lynch Realty Company*, 94 Conn., 260, 108 At., 799. One of the risks involved in the employment is the liability of injury inflicted by fellow-servants. *Anderson v. Security Bldg. Co., supra.* So it has been stated as a general proposition that the phrase "out of and in the course of the employment" embraces only those accidents which happen to a servant while he is engaged in the discharge of some function or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the master's business. Annotation—Workmen's Compensation, 1916A, 41; *Darleth v. Roach & Seeber Co.*, 36 A. L. R., 472.

In *Leonbruno v. Champlain Silk Mills, supra,* the New York Court of Appeals used this language: "The risks of injury incurred in the crowded contacts of the factory through the acts of fellow-workmen are not measured by the tendency of such acts to serve the master's business. Many things that have no such tendency are done by workmen every day. The test of liability under the statute is not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority. The test of liability is the relation of the service to the injury, of the employment to the risk."

These principles applied to the facts in the present case lead to the conclusion that the injury arose out of and in the course of the employment. But, even so, the appellant finally makes this contention: Even if the claimant sustained "injury by accident arising out of and in the course of the employment," he is not entitled to compensation because his injury was occasioned by his wilful intention to injure Squires—*i. e.*, that his assault on Squires occasioned the assault which resulted in his own injury. Sec. 13. On this point the burden of proof

is upon him who claims the exemption under this section; but as there is no finding or adjudication in reference to the contention the cause is remanded for a definite determination of the question whether the claimant's injury was occasioned by his wilful intention to injure his assailant.

Remanded.