·ALVIN McGINNIS v. OLD FORT FINISHING· PLANT and LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 14 December, 1960.)

**1. Master and Servant § 82—**

The, Industrial Commission has authority to promulgate rules not inconsistent with Article One of the Workmen's Compensation Act for the purpose of carrying out the provisions of the Act, G.S. 97-80, and the rule of the Commission requiring that upon appeal to the full commission the particular grounds for appeal should be set forth or be deemed abandoned, is valid.

**2. Master and Servant § 93—**

Where, in the hearing before the Industrial Commission, claimant challenges only the findings and conclusions as to whether later disability was the result of new injuries or was but a recurrence of his former condition, he may not on appeal to the Superior Court assert for the first time that the defendants had waived the provisions of · G.S. 97-47, since this would be a change in the theory of trial.

**3. Same—**

The findings of fact of the Industrial Commission are conclusive if supported by any evidence, and when its conclusions of law are supported by the findings, the award must be affirmed. ·

Appeal by plaintiff from *Craven, S. J.,* at May Special Term, 1960, of McDowell.

Proceeding under the North Carolina Workmen's Compensation Act.

The record shows that "this is an action instituted by one Alvin Luther McGinnis against Old Fort Finishing Plant, as employer, and Liberty Mutual Insurance Company, as insurance carrier, for the purpose of recovering compensation on account of injuries sustained by him by accidents arising out of and in the course of his employment with the defendant, Old Fort Finishing Plant. Said accidents allegedly occurred on July 27, 1956, and April 2, 1957. On or about May 5, 1958, plaintiff had a recurring back condition which was duly reported to his employer and demand for compensation was thereafter made. Plaintiff's claim for compensation benefits allowed by the Workmen's Compensation Act was denied by the defendants, whereupon, in the manner required by law, plaintiff applied to the North Carolina Industrial Commission for a hearing, and his said claim for compensation benefits was duly scheduled for hearing and was heard by Deputy Commissioner Robert F. Thomas at Marion, North Carolina, on June 1, 1959, where and when the following proceedings .were had."

And the record shows that after offering testimony counsel for plaintiff announced that that was all the evidence that plaintiff would offer, except the testimony of Doctors Severn and Burleson, for which purpose counsel for claimant moved, and the court ordered, that the case be re-set in Asheville.

The record shows that the cause came on for hearing in Asheville on 2 September, 1959, before Commissioner Brookes Peters, presiding, when and where the said doctors testified.

And the record also shows that the case having been heard at Marion by Deputy Commissioner Thomas on 1 June, 1959, and at Asheville on 2 September, 1959, the following findings of fact and conclusions as matters of law which were entered by the parties at the hearing as

## "STIPULATIONS

"(1) That on and prior to July 27, 1956, and April 2, 1957, Alvin McGinnis and the Old Fort Finishing Plant were subject to and bound by the provisions of the Workmen's Compensation Act.

"(2) That at said times the employer-employee relationship existed between claimant and defendant employer.

"(3) That at said times the Liberty Mutual Insurance Company was the compensation carrier.

"(4) That claimant's average weekly wage while so employed was $54.80.

"(5) That on July 27, 1956, claimant sustained an injury by accident arising out of and in the course of his employment with defendant employer.

"(6) That defendants admitted liability and the parties entered into an agreement on Commission Form 21, approved by the Commission August 23, 1956, pursuant to which compensation at the rate of $32.50 per week was paid from August 7, 1956, to August 13, 1956.

"(7) That on April 4, 1957, the parties entered into a further agreement on Commission Form 26, approved by the Commission April 16, 1957, pursuant to which compensation at the rate of $32.50 per week was paid for a further period of total disability from April 2, 1957, to April 29, 1957."

And "based upon all the competent evidence adduced at the hearing the Deputy Commissioner makes the following additional

## "FINDINGS OF FACT

"(1) Claimant, a white male, 35 years of age, admittedly sus-

tained an injury by accident arising out of and in the course of his employment with defendant employer on Friday, July 27, 1956, resulting in an injury to his back. An agreement on Industrial Commission Form 21 (defendants' exhibit A) was entered into by claimant and defendants which, among other things, provided that claimant's disability began on Monday, July 31, 1956, and for payment of compensation at the rate of $32.50 per week from August 7, 1956, and continuing for necessary weeks. Claimant was disabled from July 31, 1956, to August 13, 1956. The seven-day waiting period was deducted and claimant was paid one week's compensation to cover the period August 7, 1956, to August 13, 1956, as appears by Closing Receipt, Industrial Commission Form 27 (defendants' exhibit B).

"(2) Claimant was treated by a local physician, who referred him to Dr. R. Joe Burleson of Asheville, and on August 1, 1956, claimant was examined and treated by Dr. Burleson, who was of the opinion that claimant had sustained an acute low back strain. Dr. Burleson again examined claimant on August 8, 1956, when he was of the opinion that the claimant could return to light work about August 13, 1956. Upon further examination by Dr. Burleson on August 22, 1956, claimant was improved. Dr. Burleson last examined claimant at that time on September 12, 1956. Claimant had been wearing a back brace which Dr. Burleson instructed him to start leaving off when he was not working and also instructed the claimant in exercises to strengthen his back. Claimant was to return to Dr. Burleson for a final check two weeks thereafter, which claimant did not do.

"(3) After returning to work on August 14, 1956, claimant continued to have difficulty with his back and wore his back brace at all times. On April 1, 1957, claimant was again examined by Dr. Burleson, giving a history of 'a new injury occurring on Friday, March 29, 1957, in again bending over to pick up a roll of cloth.' Dr. Burleson prescribed treatment for a recurrent back strain. Upon examination on April 8, 1957, Dr. Burleson recommended that claimant spend more time in bed. Upon further examination by Dr. Burleson on April 12, 1957, claimant was improved. Upon examination on April 22, 1957, claimant was considerably improved and on April 29, 1957, claimant was continuing to improve and Dr. Burleson recommended that he return to light duty requiring no lifting. Dr. Burleson again examined claimant on May 15, 1957, when his back was all right except for a little morning stiffness and claimant was released for regular duty, was not to return un-

·less he had further difficulty and was dismissed with no permanent disability.

"(4) A further agreement on Industrial Commission Form 26 (defendants' exhibit C) was entered into by claimant and defendants pursuant to which claimant was paid compensation at the rate of $32.50 per week for the period April 2, 1957, to April 29, 1957. Claimant was also at this time paid for the seven-day waiting period, which covered the period July 31, 1956, to August 6, 1956. Closing Receipt, Industrial Commission Form 27 (defendants' exhibit D), was signed by claimant on May 23, 1957, and claimant received the final payment of compensation on or before April 23, 1957.

"(5) Claimant returned to work on April 30, 1957, and continued to work for defendant employer until May 5, 1958, when his back condition again became acute. On May 8, 1958, claimant was examined by Dr. Henry D. Severn of Asheville, who found that claimant had a recurrence of his back strain. On said date claimant gave a history that he developed a recurrence of his back pain on May 4, 1958, with no history of reinjury. Dr. Severn also examined claimant on May 13, May 22, August 6, 1958; January 15, 1959, and August 31, 1959.

"(6) On May 29, 1958, claimant's attorney, Mr. Story, wrote the Industrial Commission as follows: 'Mr. McGinnis has employed me to represent him in the prosecution of his claim for workmen's compensation benefits due by reason of injuries sustained during the course of his employment with the above company. It would be appreciated if you would forward me the necessary forms on which to file such claim.' (Reference Claimant's Exhibit 1).

"(7) Claimant reached the end of the healing period on January 15, 1959, and has 20 per cent permanent loss of use of his back.

"(8) From May 5, 1958, to January 15, 1959, claimant was temporarily totally disabled by reason of his back condition.

"(9) Beginning in September 1958, claimant drew unemployment compensation at $27.00 per week for a period of about 10 weeks.

"(10) Claimant did not sustain an injury by accident to his back arising out of and in the course of his employment with defendant employer on March 29, 1957, or on April 2, 1957, or at any other time during his employment with defendant employer except on July 27, 1956. The acute episode claimant had with his back beginning on or about March 29, 1957, was simply a recurrence of his former condition."

And the Hearing Commissioner continued as follows:

·"The foregoing findings of fact and conclusions of law engender the following additional

## "CONCLUSIONS OF LAW

"(1) Claimant did not sustain an injury to his back by accident arising out of and in the course of his employment with defendant employer on March 29, 1957, or on April 2, 1957, or at any other time during his employment with defendant employer except on July 27, 1956. G.S. 97-2(6).

"(2) Claimant's further claim in this matter is controlled by the provisions of G.S. 97-47 and claimant having failed to make further claim with the Industrial Commission within one year after May 23, 1957, is barred. G.S. 97-47.

"Based upon the foregoing findings of fact and conclusions of law the Deputy Commissioner makes the following

## "AWARD

"Claimant's claim for compensation be, and the same is hereby denied.

"Each side shall pay its own costs except that defendants shall pay an expert witness fee in the sum of $15.00 each to Dr. Henry D. Severn and Dr. R. Joe Burleson.

(Signed) Robert F. Thomas
Deputy Commissioner."

Thereafter on 29 September 1959, plaintiff, by letter of Paul J. Story, his attorney, acknowledged receipt of copy of the opinion of the Hearing Commissioner, expressing desire to give notice of appeal to the Full Commission, and requesting forms on which to make such an appeal.

And thereafter on 6 November 1959, plaintiff, by his said attorney, gave notice of appeal and of application for review to the North Carolina Industrial Commission, sitting as the Full Commission, and alleging "error on the part of the Hearing Commissioner for that: 1. The findings of fact, and conclusions of law based thereon, that claimant did not sustain a second injury on March 29 or April 2, and that plaintiff's disability which began on March 29th was a recurrence of his former condition.

"2. The finding of fact, and conclusion of law based thereon, by the Hearing Commissioner that the closing receipt (Defendants' Exhibit D) was a closing receipt for injuries received on March 29th or April 2nd as the case may be.

"3. Failure of the Hearing Commissioner to take into consideration,

and find as a fact, that the claimant had not reached the end of his healing period on May 23, 1957.

"4. The failure of the Hearing Commissioner to make any finding of fact, or conclusion of law based thereon, that when claimant was returned to lighter work on April 30, 1957, at the same wage, the N. C. Industrial Comm. retained jurisdiction for a period of 300 weeks, thereafter, on the theory that wages were being paid in lieu of compensation.

"5. For that the Hearing Commissioner, failed to find as a fact that claimant sustained a new injury on March 29th, or April 2, 1957, as the evidence may disclose, and that no closing receipt has been executed by claimant in regard thereto.

"6. For that there is no evidence to sustain finding of fact No. 10 and conclusions of law Nos. 1 and 2.

"All grounds for appeal not specifically set forth herein are hereby specifically waived and abandoned except as otherwise provided by law and the rules of the Industrial Commission."

Thereafter as shown by the record the case came on for hearing before the Full Commission on 15 December 1959, counsel for both claimant and defendants being present and heard, "and after carefully reviewing all the competent evidence, the findings of fact, conclusions of law and award theretofore made" the Full Commission is of the opinion that the record in pertinent part will not support a finding of fact other than the facts found by the Hearing Deputy Commissioner. Therefore on 31 December 1959, in opinion filed, the Full Commission denies each and "every one of the plaintiff's exceptions, adopts as its own the findings of fact and conclusions of law of the Hearing Deputy Commissioner together with the award based thereon and ordered that the result reached by him be, and the same is hereby affirmed"— the opinion being signed by the Chairman, and examined and approved by Associate Commissioners.

And thereafter on 21 January 1960, as shown by the record on this appeal, plaintiff by his attorney, Paul J. Story, gave notice of appeal to Superior Court of McDowell County— service of which was accepted and personal service waived.

Plaintiff under caption of "Plaintiff's Assignments of Error" on such appeal sets out sixteen separate paragraphs of purported error.

Thereafter the cause coming on for hearing upon appeal and being heard, the judge of Superior Court presiding at May 1960 Special Term of McDowell County Superior Court, entered judgment as follows: " * * * and it appearing to the court that plaintiff has filed objections and exceptions to the Findings of Fact, Conclusions of

Law, and Award, the same being sixteen in number, and being fully
set out in plaintiff's assignments of error made to the award of the
North Carolina Industrial Commission, and the court, after having
reviewed the record of all proceedings had in this matter, being of
the opinion that the Conclusions of Law are supported by Findings
of Fact, and the Findings of Fact are supported by competent evi-
dence and are correct, with one exception corrected by consent of
counsel for all parties, in open court, and the court being further
of the opinion that plaintiff is not entitled to the additional Findings
of Fact and Conclusions of Law required and as set forth in his
said Assignments of Error;

"Now, therefore, it is Ordered, Adjudged and Decreed as follows:
1. That Stipulation No. 7 contained in the opinion and award by
Robert F. Thomas, Deputy Commissioner, dated September 25, 1959,
be corrected to read as follows: That on April 4, 1957, the parties
entered into a further agreement on Commission Form 26, approved
by the Commission April 16, 1957, pursuant to which compensation
at the rate of $32.50 per week was paid for a further period of total
disability from April 2, 1957, to April 29, 1957.

"2. That each and every one of plaintiff's exceptions and objections,
as set forth in plaintiff's Assignments of Error, and in his Notice
of Appeal, be and the same are hereby overruled.

"3. That the Findings of Fact, Conclusions of Law, and the Award
of the Single Commissioner, and of the Full Commission, be and the
same are hereby affirmed, and that plaintiff's claim against the em-
ployer and carrier be and the same is hereby denied, and that the
cost of this action be taxed against the plaintiff."

Plaintiff excepted to the judgment as signed, and appeals to the
Supreme Court, and assigns error.

*Paul J. Story for plaintiff, appellant.*
*Van Winkle, Walton, Buck & Wall for defendant appellees.*

Winborne, C. J. Plaintiff, appellant, in brief filed states this as
the questions involved on this appeal: "Did defendants, by their
conduct, waive the provisions of G.S. 97-47 as a defense to plaintiff's
claim for compensation, and are said defendants now estopped to
plead said statute in bar of plaintiff's right to recover herein."

In this connection the North Carolina Industrial Commission has
authority under G.S. 97-80 to make rules, not inconsistent with Ar-
ticle One of the Workmen's Compensation Act, for carrying out
the provisions thereof. Pursuant thereto the Commission has adopt-

ed a rule "XXI" pertaining to appeal to the Full Commission. It provides: "1. In every case appealed to the full commission the particular grounds for the appeal must be stated * * *," and "4. Particular grounds for appeal not set forth in the application for review shall be deemed to be abandoned and argument thereon shall not be heard before the full commission.

In the case in hand the plaintiff in filing application for review of the opinion and award of the hearing commissioner states six grounds, neither one of which pertains to the matter of waiver by defendants of the provisions of G.S. 97-47. Indeed the application for review there expressly states that "All grounds for appeal not specifically set forth herein are hereby specifically waived and abandoned except as otherwise provided by law and the rules of the Industrial Commission."

And the defendants contend, and it seems properly so, that the position now taken by plaintiff appellant is a change of theory in Superior Court from that pursued before the hearing commissioner and the full commission. This is not permissible. See among others *Paul v. Neece,* 244 N.C. 565, 94 S.E. 2d 596; *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222; *Bivins v. Southern Ry. Co.,* 247 N.C. 711, 102 S.E. 2d 128.

*Paul v. Neece, supra,* states: "It is a well settled principle in this State that the theory upon which the case is tried in the courts below must prevail in considering the appeal and in interpreting a record and in determining the validity of exceptions." See *Simons v. Lebrun,* 219 N.C. 42, 12 S.E. 2d 644. Also *Hinson v. Shugart,* 224 N.C. 207, 29 S.E. 2d 694.

Thus the first part of the questions stated does not arise, and, hence, the second part becomes moot.

This being so, the North Carolina Industrial Commission being a fact finding body, G.S. 97-86, *Brice v. Salvage Co.,* 249 N.C. 74, 105 S.E. 2d 439, has made findings of fact which, under decisions of this Court, are held to be conclusive on appeal, both in the Superior Court and in the Supreme Court, when supported by competent evidence. See among many others: *Nissen v. Winston-Salem,* 206 N.C. 888, 175 S.E. 310; *Hildebrand v. Furniture Co.,* 212 N.C. 100, 193, S.E. 294; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Fetner v. Granite Works,* 251 N.C. 296, 111 S.E. 2d 324.

An examination of the record reveals adequate evidence to support the findings of fact made, and the conclusions of law as arising thereon.

For reasons stated the judgment from which this appeal is taken is
Affirmed.