HOWARD CLINTON MOORE v. ADAMS ELECTRIC COMPANY, INC., EMPLOYER, NON-INSURER AND/OR INSURED BY ZURICH INSURANCE COMPANY, CARRIER, GREAT AMERICAN INSURANCE COMPANY, CARRIER.

(Filed 14 June 1963.)

**1. Master and Servant § 93—**

>   On appeal from award of the Industrial Commission the Superior Court is limited to questions of law or legal inference and is bound by findings of fact supported by competent evidence, but the Superior Court is not bound by conclusions of law, even though such conclusions be denominated findings of fact.

**2. Same;   Master and Servant § 80—**

>   Where the Industrial Commission does not find the facts upon which it holds that one insurer had cancelled its coverage and does not find the facts as to whether the other insurer had issued a policy requiring notice or a mere binder not requiring notice of termination and makes no findings as to notice, *held* there are not sufficient findings upon which to predicate the conclusion that the first insurer had cancelled its coverage and that the other insurer had terminated the coverage, and the cause must be remanded to the Industrial Commission for the finding of the predicate facts.

APPEALS by Zurich Insurance Company and Great American Insurance Company from *Crissman, J.,* October 1962 Civil Term of ROCKINGHAM.

Howard Clinton Moore (claimant) an employee of Adams Electric Co., Inc. (employer) sustained an injury arising out of and in the course of his employment on 7 February 1960. All parties agree claimant is entitled to compensation as provided by the North Carolina Workmen's Compensation Act.

Great American Insurance Company (American) in March 1959 issued its compensation policy to M. E. Adams trading as Adams Electric Co. When called upon to pay compensation to claimant, American denied liability.

Zurich Insurance Company (Zurich) on 15 December issued a certificate showing workmen's compensation insurance coverage for employer effective 24 December 1959. When called upon to pay compensation to claimant, it denied liability.

Employer requested the Industrial Commission to determine who was liable to claimant. A hearing was had. The hearing commissioner made findings. On his findings he concluded: Neither American nor Zurich was liable to claimant; employer, as a self-insurer, was liable. On employer's appeal the full Commission affirmed the findings and conclusions of the hearing commissioner.

On employer's appeal to the Superior Court, Judge Crissman found as a fact that the policy issued by American and the certificate issued by Zurich were in force when claimant was injured. He concluded there was no evidence in the record to support the Commission's findings relating to the cancellation of American's policy and Zurich's certificate. He adjudged American and Zurich liable to claimant for compensation and medical care as provided in our compensation act. American and Zurich appealed.

*Womble, Carlyle, Sandridge & Rice by Charles F. Vance, Jr., for defendant Appellant Zurich Insurance Company.*

*Smith, Leach, Anderson & Dorsett by Willis Smith, Jr., for defendant appellant Great American Insurance Company.*

*Bethea and Robinson by Norwood E. Robinson for defendant appellee Adams Electric Company.*

PER CURIAM. The authority to find facts necessary for an award pursuant to the provisions of our compensation act is vested exclusively in the Industrial Commission. G.S. 97-86. On appeal from the Commission to the Superior Court the review is limited to questions of law. Whether the record contains any competent evidence to support the facts as found and whether the facts found are sufficient to support the conclusions of the Commission are questions of law. *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439.

While the judgment recites the judge made findings of fact as well as conclusions of law, we think it apparent the court treated as legal conclusions statements purporting to be findings of fact made by the Commission.

Under the heading "FINDINGS OF FACT" the hearing commissioner said: "8. That Great American Insurance Company had cancelled its coverage for defendant Adams Electric Company, Inc. on December 27, 1959; that on February 7, 1960, Great American Insurance Company was not bound on the workmen's compensation risk.

"9. That Zurich Insurance Company terminated its coverage for defendant Adams Electric Company, Inc., on January 21, 1960; that on February 7, 1960, Zurich Insurance Company was not bound on the workmen's compensation risk."

"11. That on February 7, 1960, defendant Adams Electric Company, Inc. had failed to comply with the provisions of the Workmen's Compensation Act and did not have insurance coverage on its employees."

If statements 8 and 9 quoted above are true findings of fact, statement 11 follows as a logical conclusion.

The appeals necessarily present this question: Are designated findings 8 and 9 really factual decisions reached after weighing the evidence or are they conclusions based, in part at least, on the finder's interpretation of the law?

American stipulated it issued a policy of workmen's compensation insurance to M. E. Adams trading as Adams Electric Co. on 22 March 1959. The expiration date of the policy, as disclosed by an exhibit, was 22 March 1960.

The evidence is sufficient to establish that: M. E. Adams and two others created a North Carolina corporation in July 1959 under the corporate name "Adams Electric Company" (the record here uses the name "Adams Electric Company, Inc."); the corporation after organization took over and operated the business theretofore conducted by M. E. Adams under the trade name of Adams Electric Company; M. E. Adams was the sole stockholder in the corporation which had an authorized capital stock of $100,000 but was authorized to begin business when $100 had been paid in.

Is the clause in finding 8 that American "was not bound on the workmen's compensation risk" based on the argument that American only insured Adams as an individual and not the corporate entity employing claimant when injured? If so, the so-called finding is an interpretation of the law.

G.S. 97-99 prohibits an insurer from writing workmen's compensation insurance unless the policy "shall provide a thirty-day prior notice of an intention to cancel same by the carrier to the insured by registered mail or certified mail."

The evidence, undisputed as we read the record, is to the effect that American not only wrote workmen's compensation insurance for

Adams Electric Company but also insured it against liability in connection with the use of its automobiles.

American asserted, when charged with liability to claimant, that it had cancelled all the insurance which employer carried with it, having given insured at least thirty days' notice of its intent to cancel.

Employer conceded it had notice of the cancellation of the automobile insurance but denied that any notice had been given it of an intent to cancel the workmen's compensation policy.

The evidence is sufficient to show American sent notice of its intent to cancel the workmen's compensation insurance to the Industrial Commission, to the Compensation and Rating Bureau, and to American's agent who wrote the insurance. There is also evidence from which the Commission could find employer had notice of this cancellation.

The Commission has not found the facts. Did employer have notice of cancellation, and if so when and how was it given? Until these facts have been found, the Commission could not properly conclude American "had cancelled its coverage."

Zurich stipulated it issued on 15 December 1959 a "Certificate of Insurance" to employer. This certificate put in evidence "certifies that the following insurance policies have been issued on behalf of the Name of Insured M. E. Adams, t/a/ Adams Electric Co., Inc. Address of Insured Reidsville, North Carolina

| "TYPE OF INSURANCE | POLICY NUMBER | EFFECTIVE DATE |
|---|---|---|
| Workmen's Compensation and | | |
| Employers' Liability | Binder | 12/24/59 |
| Manufacturers' and Contractors' (Bodily Injury) | Binder | 12/12/59 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"In the event of cancelation of the said policies the Company will mail notice thereof to Robert & Co., Associates for (Dundee Mills Inc., Mill #5, Griffin, Ga.) at 96 (illegible) St., (illegible), Atlanta, Ga. at whose request this certificate is issued."

This certificate was procured for employer by the agent who had written the policy for American. He acted upon notice given him by American of its intent to cancel employer's workmen's compensation insurance. The employer testified he had no knowledge of this certificate and insurance by Zurich until after claimant was injured. Notwithstanding employer's lack of knowledge of the issuance of a policy by Zurich, employer could, as a third party beneficiary, claim the benefit thereof. *Lammonds v. Manufacturing Co.*, 243 N.C. 749, 92 S.E. 2d 143.

Zurich contends that it never insured, i.e., issued a formal policy but only obligated itself to protect and indemnify employer until it (Zurich) could investigate and determine whether it wished to write the insurance; it did investigate and notified employer that it (Zurich) was "unwilling to continue this protection and they will cease to afford such coverage effective January 30, 1960"; the statute requiring thirty days' notice applies to policies, not binders.

What did Zurich agree to? The broker who procured the insurance, testifying as a witness for Zurich, was questioned with respect to the agreement. He was asked: "Q. Well, what were the terms and conditions of that binder? A. It was temporary coverage. Q. What kind of coverage? A. Workmen's compensation coverage. Q. Under what conditions? A. Under what conditions? Statutory conditions. Q. Statutory conditions? A. That's right." Employer relies on this evidence to show that the agreement between Zurich and its witness acting on behalf of employer expressly provided for the statutory notice. Did the parties so agree or was the witness merely giving his interpretation of what they agreed to? The Commission has made no finding. The certificate states that cancellation cannot be made without giving notice to Robert & Co., Associates. Was notice so given? The Commission makes no finding.

Employer, relying on *Distributing Corp. v. Indemnity Co.*, 224 N.C. 370, 30 S.E. 2d 377, insists that the term "binder" necessarily incorporates the statutory requirement of thirty days' notice. It is not contended, as we understand it, that Zurich gave employer thirty days' notice.

Because, in our opinion, the Industrial Commission has failed to find the facts necessary for a determination of the rights of the parties, the judgment of the Superior Court must be reversed in order that it may remand to the Industrial Commission with directions to make necessary findings of fact on which the rights of the parties can be determined.

Reversed.