FRANK BYRD, EMPLOYEE, v. FARMERS FEDERATION COOPERATIVE, EMPLOYER, AND NATIONWIDE MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 18 September 1963.)

**Master and Servant § 63—**

> A back injury to an employee from a herniated disc does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. G.S. 97-2(6).

APPEAL by defendants from *Pless, J.,* July 1963 Session of TRAN· SYLVANIA.

This is a proceeding under the Workmens Compensation Act.

Defendant, Farmers Federation Cooperative, was engaged in selling general farm supplies at retail, and had a store at Brevard. Plaintiff filed claim with the Industrial Commission for compensation for an injury which arose out of and in the course of his employment by said defendant.

The facts found by the Hearing Commissioner are in summary as follows: Plaintiff and defendant are subject to the Workmens Compensation Act. On 19 September 1961 and prior thereto plaintiff was regularly employed by defendant employer as manager of the Brevard store. Plaintiff's duties involved all types of work including manual labor. For several years plaintiff had been engaged in and accustomed to handling and lifting bags of fertilizer in the usual course of his work. On that date plaintiff was loading 100-pound bags of fertilizer

on a hand truck. He placed ten bags on the hand truck and moved them from the warehouse to a platform where they were unloaded. He then started loading the hand truck again with similar bags of fertilizer. While so handling the bags and while lifting the nineteenth bag of fertilizer that he had handled on this occasion, plaintiff felt a pain in his back. He was lifting the bag and twisting to one side when he felt the pain. "Plaintiff was picking up and handling 100-pound bags of fertilizer in his usual and customary manner at the time he felt the pain in his back. The only different or unusual thing that occurred at such time was the onset of pain in his back." Plaintiff did not sustain an injury by accident. Doctors found that plaintiff had a ruptured disc or disc syndrome.

Upon the foregoing facts it was held that plaintiff was not entitled to compensation. The full Commission affirmed the ruling. On appeal the Superior Court reversed the decision of the Industrial Commission and ordered the cause remanded for award and payment of compensation. Defendants appeal.

*Hamlin, Potts, Ramsey & Hudson for plaintiff.*
*Robert L. Scott for defendants.*

PER CURIAM. The facts found by the Industrial Commission are supported by competent evidence. Therefore they are conclusive on appeal. *McGinnis v. Finishing Plant,* 253 N.C. 493, 117 S.E. 2d 490. The judge below erred in ruling "as a matter of law upon the facts found by the Industrial Commission that the plaintiff herein did suffer an injury by accident as defined in G.S. 97-2(6)," and in remanding the case for entry of an award of compensation. An injury to the back from an herniated disc does not arise by accident if the employee at the time is merely carrying on his usual and customary duties in the usual way. *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109; *Turner v. Hosiery Mills,* 251 N.C. 325, 111 S.E. 2d 185; *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289.

Reversed.