WILLIAM M. HARGUS, JR. v. SELECT FOODS, INC. AND U. S. CASUALTY COMPANY.

(Filed 20 September, 1967.)

1. Trial § 6—

Stipulations are in the nature of judicial admissions and, unless limited as to time or application, continue in force for the duration of the controversy.

2. Master and Servant § 93—

Except in matters determinative of jurisdiction, the Industrial Commission has exclusive authority to find facts.

3. Master and Servant § 53—

Mere fact of injury sustained by an employee in the course of his employment does not entitle him to compensation unless the injury arises

by accident, and therefore stipulations to the effect that plaintiff employee became disabled while at work is insufficient alone to support an award of compensation, and this case was properly remanded to the Industrial Commission for specific findings from the evidence and stipulations as to whether claimant was injured by accident.

LAKE, J., dissenting.

APPEAL by defendants from *Anglin, J.,* March 1967 Session, HENDERSON Superior Court.

This proceeding originated as a compensation claim before the North Carolina Industrial Commission. At all hearings the plaintiff appeared in person but was not represented by counsel. The jurisdictional facts were stipulated. Plaintiff and a co-employee were the only witnesses who testified at the hearings. The plaintiff did not offer medical testimony. He testified as to the details of his injury and the manner in which it occurred. On cross-examination he admitted that he had previously had trouble with his back and that after his injury his doctor performed surgery which resulted in permanent stiffness. The length of time he was unable to work was stipulated.

During the hearing before Commissioner Shuford, Mr. Scott, attorney for the defendants, tendered, and the plaintiff (not represented by counsel) accepted this stipulation:

"MR. SCOTT: I will tender a stipulation that Mr. Hargus was paid in full for the day that this happened; that is for May 31, but that he did not work on June 1; that he remained disabled and did not work until he returned to work for Select Foods on November 9, 1965; and further, that during the period of his absence he was paid for two weeks of vacation. Is that right, Mr. Hargus?
A.   Yes."

Commissioner Shuford filed an Opinion and Award holding that the employee had suffered an injury by accident as defined in G.S. 97-2(6) and awarded benefits accordingly. The defendants appealed to the Full Commission on two grounds: First, that the evidence was not sufficient to establish injury by accident arising out of and in the course of his employment; and, second, that the evidence is not sufficient to show causal relationship between the injury and the need for the surgery.

The Full Commission adopted as its own the findings, conclusions and the Opinion and Award of Commissioner Shuford. One member of the Commission dissented. The defendants appealed to the Superior Court alleging error as set forth above.

The Superior Court affirmed the Commission's ruling with reference to accidental injury. It sustained the defendants' Exceptions addressed to the absence of medical evidence, that the need for the operation was a result of the accident. The Court ruled, however, that the record of the testimony before Commissioner Shuford contained a tender of stipulation by the defendants which might make it unnecessary for plaintiff to offer such medical evidence.

The Court entered judgment overruling in part and sustaining in part other exceptions, vacated the award, and remanded the proceeding to the Commission with these instructions:

"(a)   To make its finding of fact as to whether or not the parties stipulated and agreed that plaintiff 'did not work on June 1; that he remained disabled and did not work until . . . November 9, 1965';

(b)   To take evidence pertinent to the issue of disability, if it finds as a fact that the parties did not stipulate and agree as to plaintiff's disability; and

(c)   To make its findings of fact and conclusions of law upon the issues of disability and compensation and make an award pursuant to such determination. . . ."

The defendants excepted and appealed.

*Robert L. Scott for defendant appellants.*
*No counsel contra.*

HIGGINS, J.   The defendants have entered successive appeals from the Hearing Commissioner, from the Full Commission, and from the Superior Court. At all times they have contended the claimant has not shown competent evidence of injury by accident arising out of and in the course of his employment or a causal relationship between the injury complained of and the need for the operation. These are critical matters involved in the proceedings. The stipulations appear to be sufficient to dispose of other matters.

Stipulations are in the nature of judicial admissions. Unless limited as to time or application, they continue in full force for the duration of the controversy. *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540; *Wigmore on Evidence,* 3rd Ed., Vol. 8, § 2328. Except in matters determinative of jurisdiction, the Industrial Commission has exclusive authority to find facts. G.S. 97-83; *Moore v. Electric Co.,* 259 N.C. 735, 131 S.E. 2d 356.

The Court vacated the award except as to medical expenses and ordered the Commission to take evidence, find facts and state conclusions of law upon the issues of disability and compensation, and to make an award pursuant to such determination.

In making its findings, the Commission will determine from the evidence offered and the stipulations entered whether the claimant was injured by accident. If the findings are favorable to him, the Commission will determine the amount of compensation and any other benefits to which he is entitled. To sustain a claim for compensation, more must be shown than an injury while at work. "The North Carolina Workmen's Compensation Act does not provide compensation for injury, but only for injury by accident. G.S. 97-2(6)." *Lawrence v. Mill*, 265 N.C. 329, 144 S.E. 2d 3. Findings favorable to the claimant on the question of accidental injury are critical in this as in all compensation cases. *Conrad v. Foundry Co.*, 198 N.C. 723, 153 S.E. 266; *Moore v. Sales Co.*, 214 N.C. 424, 199 S.E. 605; *Smith v. Creamery Co.*, 217 N.C. 468, 8 S.E. 2d 231; *Hensley v. Cooperative*, 246 N.C. 274, 98 S.E. 2d 289; *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175; *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109; *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342; *Byrd v. Cooperative*, 260 N.C. 215, 132 S.E. 2d 348.

Both parties will have opportunity to be heard before the Industrial Commission. The defendants will pay the costs of this appeal.

The order remanding this proceeding is
Affirmed.

LAKE, J., dissenting: It is my view that the award of the Industrial Commission should have been vacated in its entirety for the reason that the evidence before the Commission will not support a finding of an injury by accident.