THOMAS ALTON PULLEY, EMPLOYEE-PLAINTIFF v. MIGRANT & SEASONAL FARMWORKERS ASSOCIATION, EMPLOYER-DEFENDANT, AND THE HOME INDEMNITY COMPANY, CARRIER-DEFENDANT

No. 7610IC154

(Filed 7 July 1976)

1. Master and Servant § 65— workmen's compensation — lifting refrigerator — ruptured disc — no compensable injury

Evidence was insufficient to support the Industrial Commission's finding that, "As plaintiff was picking up his side of the refrigerator, it slipped and he got a catch in his back," since the evidence showed that plaintiff first had a catch in his back and then the refrigerator slipped; therefore, the Commission erred in concluding that plaintiff sustained an injury by accident.

2. Master and Servant § 55— workmen's compensation — accident defined

The term "accident" as used in the Workmen's Compensation Act has been defined as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause.

3. Master and Servant § 65— hernia and back injuries — more than usual duties performed in usual manner required

To obtain an award of compensation in hernia and ruptured or slipped disc cases, the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way.

APPEAL by defendants from order of North Carolina Industrial Commission entered 28 November 1975. Heard in the Court of Appeals 26 May 1976.

Plaintiff has been employed by defendant Association since 30 July 1974 as a job counselor and relocator. Plaintiff found jobs in the Raleigh area for those people completing a training course at Rich Square and then helped them physically move their household goods and other possessions from their homes to homes near their job sites in the Raleigh area.

On 28 January 1975, plaintiff, using a two-and-a-half-ton truck of defendant Association, helped one Linwood Sexton move his stove, refrigerator and bedroom suite to a house near his job in Wake Forest. Plaintiff backed the truck up to the rear door and porch; they slid the refrigerator, weighing 450 to 500 pounds to the rear of the truck bed, about one and one-half or two feet above the porch. Plaintiff had one foot on the truck bed and the other foot on the porch as he stooped and picked up the refrigerator when "a catch caught me in the back and the refrigerator slid down onto the porch."

Plaintiff worked the rest of the day but did no lifting. He reported what happened to his employer, went that night to see a physician who put him to bed for a week, and then committed him to a hospital for surgery, which was performed on 17 February 1975 to correct an acute intervertebral disc rupture. Plaintiff now has a 10% permanent disability of the back.

Plaintiff testified in his work he moved similar refrigerators about twice a month, and that he knew of nothing unusual in the performance of his work on this occasion.

Commissioner Stephenson found facts, substantially as recited above, concluded that plaintiff did not sustain an injury by accident, and denied plaintiff's claim. Plaintiff appeared at the hearing without counsel.

On appeal, the Full Commission amended Finding of Fact No. 5 of Commissioner Stephenson by the additional finding that "As the plaintiff was picking up his side of the refrigerator, it slipped and he got a catch in his back . . ." concluded that plaintiff sustained an injury by accident, and ordered payment of compensation, medical expenses and attorney fees. Defendants appealed.

*Thomas S. Erwin for plaintiff appellee.*

*Hedrick, Parham, Helms, Kellam & Feerick by Edward L. Eatman, Jr., for defendant appellants.*

CLARK, Judge.

[1]   The added finding of fact by the Full Commission that "As the plaintiff was picking up his side of the refrigerator, it slipped and he got a catch in his back . . ." is not supported by the evidence. Plaintiff testified:

> "Q. Well, when you felt this catch, did you let go of your side?
>
> A. The refrigerator slipped down, yes, sir."

Linwood Sexton testified, as summarized in the record on appeal, that he was on one side and plaintiff on the other side of the refrigerator with one leg on the floor and one foot on the porch, and the refrigerator dropped and all the weight went on him (Sexton).

Clearly, the testimony of the plaintiff establishes that he first had "a catch in his back" and then the refrigerator slid to the porch. Sexton's testimony does not conflict with that of the plaintiff. We, therefore, cannot accept this finding of fact, and we must now determine if the other findings of fact by the Industrial Commission which were supported by competent evidence do or do not sustain the legal conclusion and the award of the Industrial Commission. *Byers v. Highway Comm.*, 275 N.C. 229, 166 S.E. 2d 649 (1969).

[2]   The term "accident" as used in the Workmen's Compensation Act has been defined as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause. *O'Mary v. Clearing Corp.*, 261 N.C. 508, 135 S.E. 2d 193 (1964).

[3]   To obtain an award of compensation in hernia and ruptured or slipped disc cases, the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. *Lawrence v. Mill*, 265 N.C. 329, 144 S.E. 2d 3 (1965); *Byrd v. Cooperative*, 260 N.C. 215, 132 S.E. 2d 348 (1963); *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962); *Dunton v. Construction Co.*, 19 N.C. App. 51, 198 S.E. 2d 8 (1973); *Russell v. Yarns, Inc.*, 18 N.C. App. 249, 196 S.E. 2d 571 (1973).

Awards of compensation in hernia and ruptured or slipped disc cases have been upheld where the employee was injured while lifting objects when in an unusually twisted, cramped

or awkward position. *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342 (1963) ; *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960) ; *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592 (1947).

[1] The finding by the Full Commission that the refrigerator first slipped and then plaintiff had a catch in his back, which we must reject as unsupported by the evidence, was undoubtedly considered significant, if not controlling, by the Commission in overruling the Hearing Commissioner and concluding that plaintiff sustained an injury by accident. Without this finding the facts found do not establish that plaintiff at the time of injury was performing any unusual task or that he was in a twisted, cramped or awkward position. He was performing his usual work of moving a refrigerator, of average or usual weight, from a truck into a house.

We find that the facts found by the Full Commission which are supported by competent evidence do not sustain the conclusion that plaintiff sustained an injury by accident. The award of the Industrial Commission is

Reversed and remanded.

Judges VAUGHN and MARTIN concur.