CHARLES G. PERRY, EMPLOYEE, CLAIMANT v. AMERICAN BAKERIES COMPANY, EMPLOYER; ZURICH AMERICAN INSURANCE COMPANY, CARRIER, DEFENDANTS.

(Filed 12 June 1964.)

**1. Master and Servant § 54—**

In order for an injury to arise out of the employment the injury must be a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some duty of the employment. G.S. 97-2(6).

**2. Same—**

An injury arises in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake, and which is calculated to further, directly or indirectly, the employer's business.

**3. Master and Servant § 93—**

While the findings of the Industrial Commission are conclusive on appeal when supported by competent evidence, a finding that an accident arose out of and in the course of the employment involves a mixed question of law and fact, and the courts are authorized to review the legal aspects of the question upon the facts found.

**4. Master and Servant § 54—**

Findings to the effect that the claimant was required to attend a sales meeting at a recreational inn, that, with other employees, he attended a social hour given by the employer at the inn late Sunday afternoon, that afterwards claimant and another employee had dinner and returned to the inn, that claimant decided to go swimming and entered the pool maintained by the inn at 10:00 p.m., and that thereafter while diving claimant sustained a fractured cervical vertebra, *is held* not to show a causal relation between the employment and the injury, and therefore the injury did not arise out of the employment within the provisions of the Compensation Act.

**5. Constitutional Law § 10—**

Whether the coverage of the Compensation Act should be broadened is for the determination of the Legislature and not the courts.

APPEAL by defendants from *Olive, E. J.,* October 21, 1963, "A" Civil Session of WAKE.

This is a proceeding pursuant to the Workmen's Compensation Act.

The facts found by the hearing commissioner are in substance as follows:

Plaintiff, age 27, was employed by defendant American Bakeries Company as supervisor of route salesmen at Raleigh. He worked under the immediate supervision of H. A. Gay, assistant sales manager

for the Rocky Mount-Raleigh area. On 27 July 1960 Mr. Gay sent out a mimeographed letter to plaintiff and other employees directing them to attend a sales meeting at Greensboro and stating that employer desired everyone to be present by 4:30 P.M. Sunday, 31 July 1960. Plaintiff rode to Greensboro in Mr. Gay's automobile. He arrived at Sedgefield Inn, the place of the meeting, around noon on Sunday, 31 July 1960. The employer had made reservations for plaintiff and the other employees at the Sedgefield Inn. Employees from a wide area were in attendance. The employer paid all of the expenses of plaintiff and the other employees while attending the meeting, as well as all expenses of the meeting. The sales meeting did not begin until 8:30 A.M. Monday, 1 August 1960, but at 5:30 P.M. Sunday the employer had a social hour to which all attending employees were invited. Plaintiff attended the social hour. Afterwards plaintiff and a fellow employee had dinner and then returned to Sedgefield Inn. Plaintiff decided to swim in the pool maintained by Sedgefield Inn for its guests. He borrowed swim trunks and he and another employee entered the pool about 10:00 P.M. Other guests of the Inn were in and out of the pool and other employees of defendant Bakeries Company came down to the pool while plaintiff was swimming. After being at the pool for about an hour, the plaintiff while diving sustained a fractured cervical vertebra. He was carried to the hospital where he remained 65 days. He was out of work for a period of 5 months but was paid his salary during that entire time.

The hearing commissioner concluded that plaintiff "was injured by accident arising out of and in the course of his employment," and awarded compensation for permanent partial disability of the back and medical expenses. Upon review, the full commission adopted as its own the findings of fact, conclusions and award of the hearing commissioner. On appeal, the superior court affirmed the award of the full commission.

*Young, Moore & Henderson for plaintiff claimant.*
*Smith, Leach, Anderson & Dorsett for defendants.*

MOORE, J. Plaintiff was injured by accident. The question for decision is whether the injury "arose out of and in the course of" his employment. G.S. 97-2(6).

"The term 'arising out of employment', it has been said, is broad and comprehensive and perhaps not capable of precise definition. It must be interpreted in the light of the facts and circumstances of each case, and there must be some causal connection between the injury and

the employment." *Berry v. Furniture Co.*, 232 N.C. 303, 306, 60 S.E. 2d 97. To be compensable an injury must spring from the employment or have its origin therein. An injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment. *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865; *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596; *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173; *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751. An accident arises out of and in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294.

In general terms the Industrial Commission found as a fact and concluded that plaintiff's injury arose out of and in the course of his employment. The findings of fact of the Industrial Commission are conclusive on appeal when they are supported by competent evidence. *McGinnis v. Finishing Plant*, 253 N.C. 493, 117 S.E. 2d 490. But whether an accident arose out of the employment is a mixed question of law and fact. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 128 S.E. 2d 218. To make such determination it is necessary to examine the findings of specific crucial facts. *Guest v. Iron & Metal Co., supra.*

Plaintiff was required by his employer to be away from his home and place of regular employment for the purpose of attending a sales meeting for the mutual benefit of plaintiff and his employer. Employer paid all of his expenses and provided him with accommodations at the Sedgefield Inn for the duration of the meeting. Employer expressly invited plaintiff to a social hour on Sunday afternoon to provide him entertainment and afford him the opportunity to meet and associate with his fellow employees on a social basis. Plaintiff's accommodations at Sedgefield Inn included the opportunity to make use of the swimming pool and other recreational facilities maintained by the Inn for its guests. While diving into the pool plaintiff was injured.

The fact that plaintiff was required to be temporarily in a distant city with expenses paid by his employer is not a controlling factor. *Sandy v. Stackhouse, Inc., supra.* The question is whether his use of the pool was an authorized activity calculated to further, directly or indirectly, his employer's business, or whether it was employment connected to the extent that it may be concluded that there was a causal relation between the employment and the accident and the accident resulted from a risk involved in the employment. In providing plain-

tiff accommodations at Sedgefield Inn the employer provided him the recreational facilities maintained by the Inn for its guests. These recreational facilities undoubtedly influenced the employer in selecting Sedgefield Inn as the site for the meeting. Plaintiff was not required or expressly invited by his employer to use the swimming pool, but during his free time he was at liberty to use it. By providing the facility for him the employer impliedly invited him to use it, and he could swim or not at his option. Where, as a matter of good will, an employer at his own expense provides an occasion for recreation or an outing for his employees and invites them to participate, but does not require them to do so, and an employee is injured while engaged in the activities incident thereto, such injury does not arise out of the employment. *Lewis v. Tobacco Company;* 260 N.C. 410, 132 S.E. 2d 877; *Berry v. Furniture Co., supra; Hildebrand v. Furniture Co., supra.* Plaintiff's activity in swimming was not a function or duty of his employment, was not calculated to further directly or indirectly his employer's business to an appreciable degree, and was authorized only for the optional pleasure and recreation of plaintiff while off duty during his stay at the Inn. The injury did not have its origin in or arise out of the employment.

In Larson's Workmen's Compensation Law, Vol. 1, § 22.00, pp. 328-9, it is stated that injuries suffered by employees in recreational or social activities are compensable when

"(a)  They occur on the premises during a lunch or recreation period as a regular incident of the employment; or

"(b)  The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

"(c)  The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee's health and morale that is common to all kinds of recreation and social life."

These general conclusions are gleaned from an analysis of cases from all parts of the United States. The injury in the case at bar does not qualify for compensation even under these rules or suggested guides. The activity in question was not a regular on-premises lunch or recreation period pursuit incident to employment. Swimming was not expressly or impliedly required as a part of plaintiff's services at the meeting. The employer derived no direct substantial benefit. *Larson* points to a trend of greater liberality in awarding compensation due to the increasing prevalence of employer sponsored recreation, but ob-

serves that "the majority of cases still require a showing of something more than mere sponsorship." *ibid*, § 22.23, p. 334.

This Court, in compliance with the requirement of the statute, G.S. 97-2(6), that injury to be compensable must result from accident arising out of and in the course of the employment, has adhered to the rule of "causal relation" between employment and injury. In *Duncan v. Charlotte*, 234 N.C. 86, 91, 66 S.E. 2d 22, it is said: "This rule of causal relation is the very sheet anchor of the Workmen's Compensation Act. It has kept the Act within the limits of its intended scope — that of providing compensation benefits for industrial injuries, rather than branching out into the field of general health insurance benefits." Whether the scope of benefits under the Act is to be enlarged is not a matter for the Industrial Commission or the courts to determine, it is a matter for the legislative department.

The superior court will remand this cause to the Industrial Commission for an award in compliance with this opinion.

Reversed.