The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On or about 28 October 1990 Karl L. Clark began his employment with defendant-employer as a part-time customer service representative.
2. As of 28 October 1990, Karl L. Clark was a student at North Carolina Central University.
3. Karl L. Clark was employed in the Blockbuster Video Store located at 3111 Shannon Drive in Durham, North Carolina.
4. Approximately four months after Karl L. Clark began his employment with Blockbuster Video, he was promoted to assistant manager at the Shannon Drive location, whereupon Karl L. Clark stopped attending North Carolina Central University and began working full-time at Blockbuster Video.
5. On 14 April 199 1, Karl L. Clark reported to work at Blockbuster Video at or around 7:30 a.m. and worked until at or around 4:30 p.m.
6. Thereafter, on the evening of 14 April 1991, Karl L. Clark traveled to Spartanburg, South Carolina in order to attend an Assistant Managers' Workshop scheduled to begin on Monday, 15 April 1991.
7. At approximately 6:07 p.m., Karl L. Clark checked into the Holiday Inn West, located at Interstate 85 and Interstate 26 in Spartanburg, South Carolina.
8. Between 8:00 p.m. and 9:00 p.m. Karl L. Clark ate dinner.
9. As of 14 April 1991, the Holiday Inn West, in Spartanburg, South Carolina, had a swimming pool and hot tub, located in the lobby of the hotel. The hot tub was surrounded by a fence. The swimming pool is seven and one half feet deep at its deepest point.
10. At approximately 9:00 p.m. on 14 April 1991, Karl L. Clark went swimming alone in the swimming pool, located in the lobby of the Holiday Inn West, in Spartanburg, South Carolina.
11. At the time that Karl L. Clark went swimming, there were two women in the near-by hot tub. The women left the lobby, at which time Karl L. Clark was alive and swimming in the pool.
12. At or about 9:30 or 9:35 p.m., 11-year-old Rhonda Gabriel saw Karl Clark in the swimming pool and had a brief conversation with him. Thereafter, Miss Gabriel left the pool area.
13. At or around 9:45 p.m., Miss Gabriel returned to the pool area and discovered Karl L. Clark face-up on the bottom of the deep end of the pool.
14. Karl L. Clark was unconscious when pulled from the pool.
15. At or around 9:47 p.m., on 14 April 1991, Emergency Medical Services (EMS) were called to the Holiday Inn West. When EMS arrived, cardiopulmonary resuscitation (CPR) was administered to Karl L. Clark and he was transported to Spartanburg Regional Medical Center.
16. Karl L. Clark was pronounced dead at 10:43 p.m. on 14 April 1991 at Spartanburg Regional Medical Center.
17. An autopsy was performed. No drugs or alcohol were found in Karl L. Clark's body and the cause of death was determined to have been death by drowning.
18. The coroner's report, prepared by coroner Jim Burnett of Spartanburg County, South Carolina concludes, "Karl Lamont Clark's death has been ruled an accidental death due to drowning."
19. Jeanette Patricia Johnson is Karl L. Clark's birth mother.
20. As of 14 April 1991, Karl L. Clark was an unmarried 19-year-old man with no children.
*********
The Full Commission adopts the finding of fact found by the Deputy Commissioner as follows:
FINDING OF FACT
While Clark was required to be temporarily in a distant city with his expenses paid by his employer, his use of the pool on the night of 14 April 1991 was not an activity calculated to further, directly or indirectly, his employer's business. Clark was not required or expressly invited by his employer to use the pool, but during his free time was at liberty to use it. Clark's activity in swimming was not a function or duty of his employment, was not calculated to further, directly or indirectly, his employer's business to any appreciable degree, and was authorized only for the optional pleasure and recreation of Clark while off duty during his stay at the Holiday Inn.
*********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The claim for compensation on account of the death of Karl L. Clark on 14 April 1991 is hereby denied because his injury and death did not arise out of and in the course of his employment with defendant-employer. Perry v. American Bakeries Company,262 N.C. 272 (1964).
2. Under N.C. Gen. Stat. § 97-88.1, it is discretionary with the Industrial Commission whether to assess attorney's fees when a hearing may have been brought without reasonable ground. In this case, the undersigned will not assess attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
*********
Based on the foregoing findings of fact and conclusions of low, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. This claim is hereby DENIED and DISMISSED WITH PREJUDICE.
2. Each side shall pay its own costs.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ BEINADINE S. BALLANCE COMMISSIONER
S/ ____________ THOMAS J. BOLCH COMMISSIONER