The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employee-employer relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self-insured with Constitution States Services Company acting as the servicing agent.
4. Plaintiff's average weekly wage was $134.39.
5. Plaintiff is alleging an injury by accident on March of 1992, resulting in an injury to her abdomen.
6. The defendant-employer has denied liability.
7. The parties further stipulated to the medical records and depositions of Dr. James David Alford and Dr. E. Craig Evans.
8. The issues to be determined by the Commission are (1) Whether plaintiff suffered an injury by accident as alleged, and (2) Was proper notice given to the employer.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff began working for the Bi-Lo Store No. 242 in late January or early February 1992 as a cashier. The duties routinely performed by plaintiff in her job as a cashier involved checking groceries at the cash register, bagging groceries, and generally assisting customers. Plaintiff would check groceries by running them through a scanner device beneath the register. Plaintiff stated that the scanner was positioned at approximately the height of her ribs. Plaintiff typically worked 30-38 hours per week in this job as a cashier. Plaintiff worked her regular shift until she resigned in June, 1992.
2. On an unspecified date in March, 1992, plaintiff, in the normal course and scope of her employment with defendant, picked up a large bag of dog food. No injury was reported to defendant for at least several weeks. There is no evidence of any injury report or accident form completed by defendant's managers or supervisors from Bi-Lo until December 2, 1992, when the Form 19 was completed. The Form 18, dated February 7, 1994, was received on February 9, 1994, by the Industrial Commission.
3. Plaintiff received initial medical treatment from Dr. Craig White on April 29, 1992. Plaintiff reported to Dr. White several lumps in the right upper aspect of her abdomen which had existed for the past two to three months with no specific date of onset. Plaintiff was referred to Dr. Craig Evans for examination on May 1, 1992 and again reported a nodule in the right side of her abdominal wall for the past two to three months. Dr. Evans' report states, "She (plaintiff) does not remember a particular event when this would have happened, but everyday she does a lot of lifting". Plaintiff has a rectus hematoma on the abdominal wall.
4. Plaintiff was ultimately referred to Dr. David Alford for consultation on January 22, 1993. Plaintiff reported to Dr. Alford for the first time that the knots in her stomach appeared after lifting 50 pounds of dog food while working.
5. There is insufficient evidence of record from which to prove by its greater weight that plaintiff sustained an injury as a result of the incident involving lifting a bag of dog food in March 1992.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be shown to have resulted from an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6); Perry v. BakeriesCo., 262 N.C. 272, 136 S.E.2d 643 (1964).
2. Plaintiff has failed to prove that her abdominal injury was sustained as a direct result of an accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. §97-2(6).
3. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. Id.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN CHAIRMAN
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp