The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
****************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over this matter, and the plaintiff ("Employee") was the employee of defendant Sara Lee Knit Products ("Employer") at the time in question.
2. Employer was a qualified self-insurer, and Constitution State Servicing Company was the servicing agent.
3. A Form 22 Wage Chart was prepared, which yields an average weekly wage of $423.29.
****************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 46 years old and had not worked since April 11, 1994. On January 27, 1994, plaintiff was working at Sara Lee sewing collars as part of a production team. The production team consisted of ten people who work together to complete a T-shirt. Plaintiff's team was paid based on the productivity of their team.
2. On January 27, 1994 at approximately 10:00 a.m., a co-worker, Shelley Bright, approached the plaintiff and told her that plaintiff's nephew, who was Mrs. Bright's husband, had been in a car accident. Mrs. Bright proceeded to the parking lot. Then, plaintiff asked a team member if it would be okay for her to go into the parking lot to check on Mrs. Bright. However, the team member was not a supervisor. Company policy prohibits personnel in the parking lot except at authorized times unless the employee has the permission of a supervisor.
3. Plaintiff went into the parking lot to check on Mrs. Bright and to ask if Mrs. Bright would like for her to accompany her to the wreck scene. While in the parking lot, plaintiff slipped on ice and fell.
4. Plaintiff would have checked on her niece in any situation whether she had been at her employer or at a restaurant or grocery store. Plaintiff's presence in the parking lot was not related to her employment, but was a direct result of an automobile accident involving her nephew.
5. Plaintiff returned to the plant and approximately two hours later reported that she had fallen in the parking lot and injured her shoulder. No complaints were made of any low back injury.
****************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff's fall on January 27, 1994 did not arise out of her employment. Pittman v. Twin City Laundry Cleaners,61 N.C. App. 468, 300 S.E.2d 889 (1983). Plaintiff's location in the parking lot at the time of her fall was not calculated to further the employer's business either directly or indirectly.Hoyle v. Isenhour Brick Tile Co., 306 N.C. 248,293 S.E.2d 196 (1982). The plaintiff's decision to check on her niece did not bear a reasonable relationship to her employment nor was it related to her job duties. Perry v. AmericanBakeries Co., 262 N.C. 272, 136 S.E.2d 643 (1964).
2. Plaintiff has failed to prove by the greater weight of the evidence that she/he sustained an injury by accident arising out of and in the course of her employment with defendant-employer on January 27, 1994 or that plaintiff sustained a specific traumatic incident of the work assigned on January 27, 1994. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the 3rd of February 1997.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ THOMAS J. BOLCH COMMISSIONER