The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Special Deputy Commissioner W. Joey Barnes. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission.
2. The Commission has jurisdiction over the parties and the subject matter.
3. An employer-employee relationship existed between plaintiff and defendant on or about 2 October 1993.
4. Defendant-employer was a duly-qualified self-insured on or about that same date.
5. At the time of his alleged injury by accident, plaintiff's average weekly wage would provide the maximum compensation rate for 1993.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing on 14 August 1995, plaintiff was a 55 year old male truck driver with a tenth grade education.
2. On or about 2 October 1993, plaintiff was employed with defendant as a long distance truck driver.
3. At the hearing on 14 August 1995, plaintiff testified that on or about 2 or 3 October 1993, a strong wind blew the door of his truck shut on him, causing him to miss his second step and hang from the bar on the side of the truck. Plaintiff testified this incident resulted in an injury to his right shoulder.
4. The Full Commission does not accept plaintiff's testimony concerning his alleged injury as credible, based upon his demeanor at the hearing, his inconsistency and the testimony given by other witnesses. The Full Commission strongly emphasizes in this determination the evaluation of plaintiff under direct and cross-examination.
5. There is insufficient evidence of record to determine by its greater weight that plaintiff's right arm condition was due to causes and conditions characteristic of and peculiar to his employment with defendant or that his job with defendant placed him at an increased risk of contracting the right arm condition.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be shown to have resulted from an accident arising out of and in the course of employment. Perry v. American Bakeries Co., 262 N.C. 272,136 S.E.2d 643 (1964).
2. A plaintiff claiming a right to compensation for an occupational disease has the burden of proving each and every element of compensability. Moore v. J. P. Stevens Co., 47 N.C. App. 744, 269 S.E.2d 159 (1980).
3. In order for an occupational disease to be compensable under N.C. Gen. Stat. § 97-53 (13), it must be shown that the disease was due to causes and conditions characteristic of and peculiar to the employment and that the employment placed the worker at a greater risk than the general public of contracting the disease. Booker v. Duke Medical Center, 279 N.C. 458, [297 N.C. 458] 256 S.E.2d 189 (1979).
4. Plaintiff's right arm condition was not sustained as a direct result of a specific traumatic incident of the work assigned or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences. In addition, as there is insufficient evidence of record to determine by its greater weight that plaintiff's right arm condition was due to causes and conditions characteristic of and peculiar to his employment or that his employment placed him at a greater risk than the general public of contracting the condition, plaintiff has failed to meet his burden under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6), §97-53 (13).
5. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. Id.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the 29th day of July 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ WANDA BLANCE TAYLOR DEPUTY COMMISSIONER
S/ ______________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
DCS:jmf