The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The American International Adjusters Company was the compensation carrier on the risk.
3. On June 28, 1995, while on the premises of the Defendant-Employer, Pedro Rodriguez died of asphyxiation when the boom of a front-end loader came down and trapped him.
4. The deceased's average weekly wage was $360.00, yielding a compensation rate of $240.00.
5. If the claim is found compensable, Defendants shall owe $2,000.00 in funeral expenses.
6. The issues for determination are: a) whether the deceased was an employee of Rubber Granules at the time of his death; b) whether, therefore, his death arose out of and in the course of his employment with Rubber Granules; and c) who are the dependents of the deceased.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. The deceased was 15 years old at the time he began work with the Defendant-Employer and at the time of his death.
2. While the Defendant-Employer had an unwritten policy that the company did not hire workers under the age of 18 to operate machinery, younger workers were hired to do other tasks. To determine whether an employee could operate machinery, the Defendant-Employer checked the employee's identification and observed the employee operating the machinery.
3. The deceased was hired by the Defendant-Employer after the deceased used a false identification indicating he was 20 years of age. There was no evidence that the deceased was hired specifically to operate machinery or that he misled the employer in order to be able to operate machinery. The Defendant-Employer never observed the deceased operating the machinery.
4. On June 28, 1995, the deceased was found in front of and facing a front-end loader. The boom dropped on the deceased and caused his death. The deceased was not found in the operator's seat of the loader. Therefore, the evidence fails to show that the deceased was actually operating the equipment.
5. The deceased was not married and had no children. He turned over his earnings from Rubber Granules to his parents, Dario and Belem Rodriguez, to use for household expenses, including rent, food, and other necessities, and his parents were partially dependent upon him for support. No other persons depended upon him for support.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On June 28, 1995, the deceased was an employee of the Defendant-Employer. N.C.G.S. § 97-2(2).
2, When the deceased died on June 28, 1995, his death arose out of and in the course of his employment with the Defendant-Employer. Perry v. Bakeries Co., 262 N.C. 272,136 S.E.2d 643 (1964).
3. The partial dependents of the deceased are his father and mother, Dario Rodriguez and Belem Rodriguez, and they are entitled to death benefits resulting from their son's injury by accident. N.C.G.S. § 97-38.
4. Defendants shall pay the medical and funeral expenses incurred as a result of the injury and death by accident. N.C. G.S. § 97-25; 97-38.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay Dario and Belem Rodriguez death benefits of $240.00 per week for a period of 400 weeks from the date of death, subject to the attorney's fee hereinafter approved. Such amount as has accrued shall be paid to Dario and Belem Rodriguez in a lump sum.
2. Defendants shall pay Professional Mortuary Service of Durham, North Carolina, the sum of $2,000.00 for expenses related to the deceased's funeral.
3. Defendants shall pay all medical expenses incurred as a result of the death by accident giving rise to this claim.
4. An attorney's fee of twenty-five percent (25%) is hereby approved for Plaintiff's counsel. Twenty-five percent of the lump sum due to the parents of the deceased shall be paid directly to Jimmy L. Love, Sr. Thereafter, every fourth check shall be issued to Jimmy L. Love, Sr.
5. Defendants shall pay the costs due the Commission.
6. Defendant shall pay a reasonable attorney's fee in the amount of $800.00 to plaintiff's counsel as a part of defendant's cost of appeal to the Full Commission. Plaintiff's counsel shall receive this fee in addition to the award of attorney's fees under paragraph four.
This the _____ day of June 1998.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ J. HOWARD BUNN, JR. COMMISSIONER
LKM/bjp