I dissent from the majority Opinion and Award in this matter because I do not believe that the competent evidence of record establishes that plaintiff's injury arose out of and in the course of her employment as an in-home caregiver. In Hoyle v Isenhour Brick Tile Co., 348 N.C. 248,293 S.E.2d 196 (1982), the Supreme Court cited several previous cases elaborating on this element of the definition of injury by accident pursuant to the Workers Compensation Act.
 "An accident arising `in the course of' the employment is one which occurs while `the employee is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time to do that thing'; or one which `occurs in the course of the employment and as the result of a risk involved in the employment, or incident to it, or to conditions under which it is required to be performed.'" Conrad v. Foundry Company, 198 N.C. 723, 153 S.E. 266.
The home health certification and plan of care which included plaintiff's duties, responsibilities and authorized activities did not include yard work, harvesting fruit, or climbing trees; consequently, climbing a pear tree was not a risk involved, an incident to, or condition under which plaintiff's employment was required to be performed. Furthermore, even though plaintiff was authorized by her employer to grocery shop for the patient, plaintiff's action in climbing the tree to obtain a pear was not an activity that a reasonable person would have undertaken to carry out the obligations of such employment.
In Perry v. Bakeries Co., 262 N.C. 272, 136 S.E.2d 643, Moore, J., speaking for the Court, said:
 "`The term "arising out of employment," it has been said, is broad and comprehensive and perhaps not capable of precise definition. It must be interpreted in the light of the facts and circumstances of each case, and there must be some causal connection between the injury and the employment.' To be compensable an injury must spring from the employment or have its origin therein. An injury arises out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment. An accident arises out of and in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business." (Citations omitted.) Clark v. Burton Lines, 272 N.C. 433, 437, 158 S.E.2d 569, 571-72 (1968).
Climbing a pear tree was not a contemplated action of plaintiff's employment; therefore, there is no causal relationship between plaintiff's injuries and the performance of her employment as an in-home caregiver. Plaintiff gave conflicting testimony at the deputy commissioner hearing as to whether she was retrieving a pear for her own enjoyment or solely for her patient. If plaintiff's accident occurred while she was retrieving the pear for her own enjoyment, it is uncontrovertible that she did not undertake the action to further directly or indirectly her employer's business and therefore her claim should be denied.
The majority's finding that a pear tree may be viewed as nature's grocery store begs recitation of the fact that a pear tree dispenses its fruit naturally by conveniently dropping it to the ground when it is ripe and ready for human consumption. Nature does not require human beings to climb pear trees to retrieve their fruits.
While I recognize that case law interpreting the Workers Compensation Act has consistently held that this statute is to be liberally construed in favor of the claimant, I do not believe that the legislature intended such farfetched application as seen here that has gone entirely beyond the bounds of rationality and sound judgment and reasoning. Plaintiff's action of climbing the pear tree constituted a deviation from her employment beyond the broadest plausible interpretation of `injury by accident' and her claim should be denied.
This the ___ day of April 2002.
 S/_____________________________ BUCK LATTIMORE CHAIRMAN