***********
Based upon the opinion of the Supreme Court holding that plaintiff's injury was not compensable as it did not arise out of her employment, reversing the decision of the Court of Appeals, and remanding the matter to the Court of Appeals for further remand to the Industrial Commission, the Full Commission enters the following:
 ***********
In accordance with the directives of the North Carolina Supreme Court, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. All parties have been correctly designated and there is no question as to misjoinder and nonjoinder of parties.
3. An employer-employee relationship existed between the plaintiff and defendant-employer on the date of the alleged injuries.
4. Plaintiff's compensation rate is $413.33, pursuant to N.C. Gen. Stat. § 97-2.
5. Salter Path Fire Rescue was insured for Workers' Compensation coverage by the Volunteer Safety Workers' Compensation Fund on September 30, 2001. *Page 3 
6. Plaintiff received unemployment benefits in the amount of $139.00 per week for a period of 17 weeks (December 29, 2001 through May 4, 2002).
7. Plaintiff received $300.00 per week from the period of October 1, 2001, through October 28, 2001, in employer-sponsored disability benefits.
8. Plaintiff received $486.26 per week for the period of October 29, 2001, through July 12, 2002, in employer-sponsored disability benefits.
9. The parties stipulated into evidence a packet of medical records labeled stipulated medical records, consisting of 50 pages of plaintiff's medical records.
 ***********
In accordance with the directives of the North Carolina Supreme Court, and based upon all of the competent, credible and convincing evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 45 years old. Plaintiff was an EMT and captain of the Salter Path Fire and Rescue Department EMS, and had been a volunteer with the fire and rescue squad for approximately twenty years. Plaintiff's job duties with Salter Path included making sure the ambulance was clean and stocked, supervising the EMT's, and making sure calls were run correctly. Plaintiff's "regular" job was as a waitress in a restaurant.
2. Plaintiff was injured at the Salter Path Fire and Rescue Fun Day on September 30, 2001. Fun Day was essentially an appreciation day, in which the community thanked volunteer firemen and rescue workers for their contribution and work in the community. *Page 4 
3. The Fun Day event was put on by Salter Path Fire and Rescue Corporation and was paid for out of a Special Donations Fund, rather than out of the Department's operating budget. Salter Path Fire and Rescue Corporation paid for the admission of the volunteers and their families to Lost Treasures Golf and Raceway ("Lost Treasures"), the private amusement park where Fun Day was held, and provided lunch to the participants while at Fun Day.
4. Fun Day was a voluntary event, but Salter Path volunteers and their families were urged to attend if possible. Many volunteers did not attend but the Chief of Salter Path, Ritchie Frost, told plaintiff that he wanted her to attend Fun Day. Those in attendance signed in at the Treasure Island main window and were given passes for free rides and a free lunch. The purpose of this sign-in sheet was to allow Treasure Island to compute the total cost, according to the discount ticket rates provided.
5. On September 30, 2001, Plaintiff and her husband took the Salter Path Fire Rescue ambulance to Treasure Island and proceeded inside to ride the go-carts. Plaintiff had signed in as "on duty" prior to her injury and had intended to give a pep speech thanking the EMS volunteers and encouraging their continued participation with Salter Path just as she had done at the previous Fun Day. Plaintiff testified that her role at Fun Day was merely participatory although she did plan to personally thank the volunteers. No awards or recognitions were given at the event, nor were there any organized discussions concerning work or the department.
6. Plaintiff was riding the go-carts for approximately one hour before she was injured. As she rounded a corner on the go-cart track, plaintiff encountered a pile-up involving several other go-carts in front of her. She was unable to avoid the pile-up and struck a go-cart in *Page 5 
the side. Plaintiff was wearing a seatbelt at the time and remained in her seat during the accident.
7. Plaintiff was taken out of the go-cart by the Salter Path EMS and transported to the hospital. Upon her release from Carteret General Hospital, she was diagnosed with a cervical strain and thoracic strain/contusion. Thereafter, plaintiff received medical treatment for her neck and shoulder pain from various doctors, including Dr. Shanton, Dr. Donald Reece, Dr. J. Ross Shuping, Dr. Donald L. Price, Jr., and Dr. Angelo A. Tellis.
8. Plaintiff did not return to work for defendant-employer.
9. Salter Path Fire Rescue is not a social organization and one would not normally associate involvement in amusement park-type recreational activities with the duties and functions inherent in the work required of an EMT.
10. Plaintiff attended Fun Day of her own will and for her own personal benefit and pleasure. Her attendance was not calculated to further, directly or indirectly, the business of Salter Path Fire Rescue to an appreciable degree.
 ***********
In accordance with the directives of the North Carolina Supreme Court, and based upon the findings, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of an in the course of employment. N.C. Gen. Stat. § 97-2(6). An injury is said to arise out of the employment when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks so that there is some causal relation between the accident and the performance of some service of the *Page 6 
employment. Taylor v. Twin City Club, 260 N.C. 435, 132 S.E.2d 865
(1963). Risk of injury from a go-cart accident is not something a reasonable person would contemplate upon entering service as a volunteer EMT, as it is not a risk one would associate with the anticipated risks inherent in the job. Id.
2. In Perry v. American Bakeries Co., 262 N.C. 272, 136 S.E.2d 643
(1964), the Supreme Court addressed the issue of whether injuries occurring during recreational and social activities related to employment satisfy the requirement of N.C. Gen. Stat. § 97-2(6). The Supreme Court stated:
 where, as a matter of good will, an employer at his own expense provides an occasion for recreation or an outing for his employees and invites them to participate, but does not require them to do so, and an employee is injured while engaged in the activities incident thereto, such injury does not arise out of the employment.
262 N.C. at 275, 136 S.E.2d at 646. The Supreme Court went on to hold that "[Perry's] activity in swimming was not a function or a duty of his employment, was not calculated to further directly or indirectly his employer's business to an appreciable degree, and was authorized only for the optional pleasure and recreation of plaintiff while off duty."262 N.C. at 275, 136 S.E.2d at 646. In the case at hand, plaintiff was invited, but not required, to operate a go-cart in conjunction with a purely voluntary Fun Day arranged as a matter of good will by defendants. Plaintiff was injured while engaged in activities incident thereto and such injury does not arise out of the employment. Further, plaintiff's operation of the go-cart was not a function of her duties or responsibilities to Salter Path Fire Rescue. Plaintiff's activities were authorized merely for her optional pleasure and recreation while she was off duty.
 *********** *Page 7 
In accordance with the directives of the North Carolina Supreme Court, and based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the North Carolina Workers' Compensation Act and governing case law, plaintiff's claim for workers' compensation benefits must be and hereby is DENIED.
2. Defendants shall pay the costs.
This __ day of July 2007.
 S/______________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/______________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1